James (Buster) SHELTON et al., Appellants,

v.

PALMER GROVE METHODIST CHURCH
et al., Appellees.

No. 14932.

Court of Civil Appeals of Texas.

Dallas.

May 13, 1955.

Sanders & Stanford, Canton, for appellants.

Enoch G. Fletcher, Grand Saline, Wynne & Wynne, Wills Point, for appellees.

YOUNG, Justice.

The appeal is from an order of temporary injunction granted appellees (petitioners in trial court) pending trial to the merits of their suit in trespass to try title. Pleading of the parties must first be outlined generally; appellants denominating the controversy as one merely concerning boundary lines between the church acreage and adjoining property.

Aforesaid statutory action was initiated by the named church and Wills Point

Methodist Circuit, through respective trustees, against Mrs. Dellie Shelton, a widow, James (Buster) Shelton, and Chester Wilson; plaintiffs describing by metes and bounds the tract owned and used by them for church purposes, unlawful entry and ejectment by defendants from a part thereof, and withholding of possession to their damage, etc.; that on the property, additional to church structure, was a parsonage building; alleging that defendants, shortly before filing of suit, "under cover of the night" entered the premises and erected an ugly barbed wire fence completely shutting off the parsonage, posting same with signs and warnings to "Keep Out." Defendants answered by plea in abatement, special exception (among others) that plaintiffs had an adequate remedy at law by. way of sequestration, general denial and plea of not guilty.

Considerable testimony was adduced at the hearing; the court's judgment in part reciting: "That the Palmer Grove Methodist Church was in peaceable possession of the premises described in its petition, and had been for many years, and that such possession was the last actual peaceable noncontested status, and that the defendants entered upon the premises herein involved and erected a barbed wire fence completely around the parsonage building maintained by the church, and erected signs and posted warnings to keep out and not to attempt to use nor to enter. * * * That the properties were used for the purpose of worship and that such usurpation of the properties was in defiance of the rights of the parties in possession and was interfering with the use of the properties by the church as had been done through the years." The court order restrained defendants and each of them from interfering with the church in the occupancy and use of the premises involved pending trial to the merits upon filing of bond, etc.

Points advanced for reversal of cause are: (1) Error in grant of temporary injunction in this, a suit for title and possession of land, because of adequacy of remedy at law (sequestration); and (2) de-

scription of property in court's judgment as "the property involved" was vague, indefinite and uncertain—not putting defendants on notice as to what premises the court had reference.

The principal case cited by counsel is Sterling Mut. Life Ins. Co. v. Blume, Tex.Civ.App., 95 S.W.2d 1325, where in a suit to try title, injunctive relief was denied; the court there holding that the remedy at law by way of sequestration was adequate. The rule so invoked is not without exceptions, turning always on adequacy of the legal remedy. Here, under the testimony, defendants have suddenly fenced off a necessary adjunct of plaintiffs' property— the furnished parsonage building; which, if sequestered, was subject to replevy, thus continuing the exclusion of these church members from a possession of property, the actual use and enjoyment of which had been theirs for more than fifty years. While White v. Sparks, Tex.Civ.App., 118 S.W.2d 649, 651, is not analogous in point of fact, yet the underlying rule there stated is equally applicable to the present controversy. We there held: "It was not necessary for plaintiff to have exercised his remedy by sequestration, the result demonstrating the same as not being efficacious. Hence, under our blended system, plaintiff was justified in resorting to immediate relief of injunction, the legal remedy by trespass to try title proving wholly inadequate. Buchanan v. Wilburn, Tex.Civ.App., 105 S.W. 841; Art. 4642, R.S. It is well settled that, in cases involving the title or right to possession of property, the courts will, by prohibitive injunction, restrain the disturbance of the status quo, or, by mandatory injunction, restore it, when the person seeking remedy was in peaceable and rightful possession of the premises, and his possession disturbed by trespass; the equities being such as to require that the possession thus wrongfully invaded be restored and the original status of the property be preserved, pending the decision of the issues in the case. Houston Funeral Home v. Boe, Tex. Civ.App., 78 S.W.2d 1091; Berwald's, Inc., v. Brown, Tex.Civ.App., 69 S.W.2d 221; Texas Pipe Line Co. v. Burton Drilling Co.,

Tex.Civ.App., 54 S.W.2d 190. The status quo in such cases is defined as being 'the last actual, peaceable, non-contested status of the parties to the controversy, which preceded the pending suit,' City of Farmersville v. Texas-Louisiana Power Co., Tex. Civ.App., 33 S.W.2d 272, 275, * * *.'"

There was no ambiguity in the judgment recitals; the "property involved" obviously relating to the church acreage boundaries as set forth in petition of plaintiffs. All testimony centered on the recent fence erected by appellants across the north end of the plot and the restraint was restricted to such offending structure; or to the effect that same should constitute no interference with church use of their property in toto during pendency of suit. Grant of temporary injunction under the instant facts being a matter well within the trial court's discretion, the order in question must accordingly be affirmed.