Sam **HAYTER**, Jr., Appellant,

v.

**FERN LAKE FISHING CLUB**, Appellee.

No. 6259.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 11, 1958.

Motion to Tax Costs Against Appellee Granted in Part and Overruled in Part Dec. 31, 1958.

McAlister & Benchoff, Nacogdoches, for appellant.

Rex Houston, Henderson, for appellee.

McNEILL, Justice.

This is an appeal from an order of the District Court of Nacogdoches County granting a temporary injunction pending the trial of a suit brought by Fern Lake Fishing Club, a corporation, as plaintiff, now appellee, in trespass to try title against Sam Hayter, Jr., as defendant, now appellant.

The background for the facts of this controversy is as follows: About 1901 a group of people organized a club and formed a corporation, known as Fern Lake Fishing Club which bought a tract of land in Nacogdoches County and developed thereon a lake known as Fern Lake and other recreational facilities. This corporate club had 35 shares of stock, apparently a majority of which were issued to charter members of the organization. The stockholders adopted by-laws for the government of the club. The club was formed for hunting and fishing and other recreational purposes, and the rules provided that before a person could use the premises and enjoy its recreational facilities he would first have to be voted upon as a member, it being provided that if as many as three members voted against his application his membership was refused.

Dr. W. W. Hall, appellant's uncle, became a member in 1924 and when he died in 1944 he left a will which was probated in Nacogdoches County, whereby he left his share of stock and interest in the property involved to Sam Hayter, Jr. The record does not show whether there was any administration on the estate or when the estate was closed, nor what control of the share of stock was exercised by the fiduciary of said estate, if any. However, it shows that appellant's mother and father owned a share of stock in the club for many years and after the father's death, the mother applied for and was elected as a member of the Club in June, 1958. As a member of the family, or otherwise, appellant spent a good deal of time on the Fern Lake Club premises hunting and fishing.

The Club permitted members to build houses on the premises and it appears that about 45 years ago Mrs. Jeff Hayter, the grandmother of appellant, constructed a lake house, the title to which passed through Dr. W. W. Hall to appellant, which is part of the controversy in this suit. Young Hayter was in the army until about 1946 when he returned to Nacogdoches and from that time on to the time of the granting of the temporary injunction would re-

pair to the lake premises from time to time and during the last three or four years improved his club house and built a boat house. It seems that while there was some question among the club members for some period of time about whether he could use the premises as a member without ever having been elected as such, that this did not come to focus until about the time he made the above improvements. Some of the officers then talked to him about applying for membership under the share of stock left to him by his uncle. He has so far failed to do so and stated as a reason that the Club would not elect him. On the hearing appealed from he makes the contention that since he inherited his stock, and the by-laws do not cover this situation, he did not need to apply for membership. In the last year or so he has begun to assert title to the land immediately surrounding the lake house which his uncle left him and has indicated, although equivocally, that he could claim 160 acres of the area. This seems to have brought the controversy to a head between him and the club membership, and this suit was instituted against him to try the title to the premises and for the injunction restraining him from violating the rules of the Club and going upon the premises. The facts show that from time to time over a period of years, contrary to the by-laws, the appellant has brought guests to the premises, has shot a lock off the gate to the premises, and has recently threatened to whip anybody who would seek to enforce the rules of the Club against him, and has used an outboard motor on the lake, the horsepower of which was more than 10 HP, in violation of a rule of the Club.

The District Court, after hearing considerable testimony, granted a temporary injunction restraining appellant from going upon said lake club premises during the pendency of the suit except as a guest under Article 8(b) and also Article 14 of the by-laws. The court found that the status quo should be preserved and irreparable damage would probably result to the plaintiff if the injunctive relief were not granted,

and that it was without adequate remedy at law, and further because the balancing of the equities of this case demanded the issuance of this injunction.

■ Appellant's brief complains of these findings of the court under 14 points, the principal burden of which is that since no irreparable injury was shown and there is an adequate remedy at law, and since the injunction alters the status quo, the court erred in granting it. It would be difficult to arrive at a proper measure of damages which continued possession of the premises as a member by appellant would cause in case appellee may prevail on the merits, and testimony of witnesses indicated that unless appellant was restrained, the stock in the club would materially decrease in value. This would apply alike to all shares of stock including appellant's. The confusion that may be caused from the continued occupancy and use by the appellant as he had done during the last two or three years, or more, would probably affect the use of other persons' houses on the premises and the enjoyment of same and it is believed such injury would be irreparable. Birchfield v. Bourland, Tex.Civ.App., 187 S.W. 422, 24-A Tex.Jur. 78, 79. But appellant says that appellee has the adequate legal remedies of sequestration and forcible detainer. However, in a similar situation it has been held that sequestration is not an adequate remedy. Shelton v. Palmer Grove Methodist Church, Tex.Civ.App., 279 S.W.2d 917. And the reasoning there given would apply also to an action of forcible detainer.

■■ Appellant also urges that the injunction has changed the status quo, that is, has dispossessed him of the use of his lake house. It has been held that the status quo is the last actual, peaceable, non-contested status which preceded the pending controversy. Shelton v. Palmer Grove Methodist Church, Tex.Civ.App., 279 S.W. 2d 917. See, also, 24-A Tex.Jur. 33. From the standpoint of the officers of the club, it appeared, according to the testimony, that

until some two or three years ago, defendant was resorting to the club premises as a guest of others and that no friction or controversy developed until then when it first appeared that the defendant was contending that he had the rights of a member of the club, although he had not applied for membership nor been elected therein. The trial court concluded that the last actual, peaceable, non-contested status of the parties was the relationship of the parties before appellant began asserting rights of virtual membership in opposition to the position taken by the officers of the Club. He heard the testimony and awarded the judgment, and unless there has been a clear abuse of discretion on his part, it is our duty to affirm his action. Garcia v. Sun Oil Co., Tex.Civ.App., 300 S.W.2d 724. We cannot say that such discretion was abused. However, we believe the law requires that the injunction should be modified as hereinafter stated.

█ Upon the hearing below there was no serious question as to the ownership of the lake house. All witnesses recognized the fact that since 1944 appellant has owned it. However, there is a dearth of evidence as to whether such a building, when built with the permission of the Club, remains personal property or becomes part of the Club's realty, with the continued right of the member or his transferee to use and keep up. We are met simply with the facts that the building was built long ago apparently with permission of the Club and that it is now recognized as the property of appellant. This being so, the temporary injunction should not have dispossessed him of it and we feel compelled to modify the writ so as to recognize his right of ingress and egress to and from and use of his lake house. Taylor v. Gulf Oil Corp., Tex.Civ. App., 303 S.W.2d 541, and cases there cited.

█ Appellant asserts in his 10th point that since the by-laws expressly provide for application to become a member only when a share of stock is "sold or transferred," but there is no such requirement in case of inheritance and he inherited his share, that he became by virtue thereof a member without having to submit his name and be accepted by the membership. We have made no detailed study of these by-laws as the facts on final trial should be before us in order to construe them. But, we are inclined to attach significance to art. 8(a) of the by-laws reading as follows:

"No person who has not been regularly elected as a member of the association shall be entitled to enter upon its premises or be entitled to any of its privileges of membership, no matter in which manner such person should become a stockholder except as hereinafter provided."

The phrase "except as hereinafter provided" refers to the section (b) which follows and provides for families and guests who may use the facilities of the Club. From the above quotation it appears that the overall intention of those who made the by-laws was that all persons, except the charter members, should be approved by the membership. By-laws of a corporation should be given a liberal, practical construction to carry out the intent of the parties. 14 C.J. 350, Sec. 439. In passing, it may also be said that the word "transfer" is one of general meaning and may include the act of giving property by will. 87 C.J.S. pp. 892–894. We believe, on the present record, that appellant's 10th point should be overruled. All other points not discussed have been considered and are denied.

Modified and as modified, affirmed.