Argued January 8, affirmed August 1, 1974

SCHEID, *Respondent, v.* SHIELDS, *Appellant.*

524 P2d 1209

*Harold D. Gillis,* Eugene, argued the cause for ap-

pellant. On the briefs were Butler, Husk & Gleaves, Eugene.

*Richard Bryson,* Eugene, argued the cause for respondent. On the brief were Bryson & Robert, Eugene.

DENECKE, J.

Plaintiff recovered a judgment in this action on a promissory note. The defendant appeals principally upon the ground that the plaintiff could not recover because he never had the note in his possession.

The defendant and others borrowed money from a bank to finance a new corporation. They executed a promissory note. Later, this note was replaced by a new note signed solely by defendant. Subsequently, defendant severed his ties with the corporation. The note became delinquent. The bank charged the corporate bank account for the balance, marked the note paid, and sent the note to the defendant. The corporation protested that the obligation was that of defendant and not of the corporation. The bank contacted defendant and there is evidence that the defendant admitted he owed the obligation. He agreed to return the note to the bank and execute a replacement note. Based upon this understanding, the bank recredited the corporation account.

The defendant subsequently denied any liability to the bank and refused to surrender the note. The bank then prepared a facsimile of the note and delivered it to the plaintiff, a former officer of the corporation. On the facsimile the bank executed an assignment to the plaintiff. At the trial both the facsimile and the original note were received in evidence.

■ Plaintiff alleged in his complaint that he was the "owner and holder" of the note. Plaintiff cannot qualify as a "holder" and he seems to admit this. Plaintiff was never in possession of the note sued upon. ORS 71.2010 (20) of Oregon's Uniform Commercial Code (UCC) provides:

> " 'Holder' means a person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank."

Plaintiff contends that although he may not be a "holder," he can maintain this action since he is an "owner" and "assignee" of the bank's interest in the note. The initial difficulty in following plaintiff's argument is that the law of commercial paper is now governed by the UCC and plaintiff has not referred to the UCC either in his briefs or at oral argument.

■ The UCC does provide that there can be transferees of instruments who are not "holders." ORS 73.2010 and 73.2020. "Transfer" is the all-encompassing term used by the UCC to describe the act which passes an interest in the instrument to another. "Negotiation" is one method of transferring and "is the transfer of an instrument in such form that the transferee becomes a holder." ORS 73.2020. When the transfer is not in the form of negotiation the transferee is not a holder. ORS 73.2010 provides: "(1) Transfer of an instrument vests in the transferee such rights as the transferor has therein * * *" This is similar, but not identical, to the first part of § 49 of the Negotiable Instruments Act (NIL). Under § 49 of the NIL the transferee could maintain an action on the instrument in his own name. This is also permissible under the UCC.

Two questions remain, however: (1) can a trans-

fer be made without delivery of the instrument, and (2) assuming it can, can the transferee maintain an action without possession of the instrument?

The UCC does not expressly provide whether a transfer of an instrument can be made without delivery and we find no provision which impliedly prohibits a transfer without delivery. The defendant cites Gilmore for the proposition that delivery is essential for any transfer. 1 Gilmore, Security Interests in Personal Property 11, § 1.2 (1965). We believe, however, that Gilmore intended to state that delivery is essential to "negotiating," as distinguished from "transferring," an instrument. The case Gilmore cites, *Muller v. Pondir*, 55 NY 325, 335, 14 Am Rep 259 (1873), is to that effect.

In writing about the NIL, Britton states: "While delivery of the instrument is indispensable to the acquisition of the legal title thereto, it is possible to acquire rights with respect to an instrument without delivery." Britton, Bills and Notes (2d ed) 120, § 50. He further states: "'A promissory note, like an ordinary chose in action, may be transferred by an assignment without the actual delivery of the note. [Citing cases.].'" Britton, supra, at 120, n 12.

One case cited for this proposition is *Raines v. Hanzlik*, 130 Kan 182, 285 P 637 (1930). There, Mrs. Irby pledged and delivered a promissory note made by Hanzlik to the bank. Mrs. Irby executed a written assignment of the note to plaintiff. By the terms of the pledge, Mrs. Irby became entitled to delivery of the note from the bank, but the bank refused to return it. The court held plaintiff could recover as against the maker, as well as the bank, on the note, although Mrs. Irby never delivered the note to plaintiff.

In this case the obligor will not be burdened if

we permit an interest in the note to be transferred without delivery of the note. The obligor is in possession and, therefore, no other person can gain possession and on the strength of possession make claims against the obligor.

■ We hold that under these particular circumstances the bank made plaintiff a transferee of the note although the bank did not deliver the note to plaintiff.

The further question is, can plaintiff maintain this action as he does not now have the note in his possession? In *Investment Service v. Martin Bros.*, 255 Or 192, 465 P2d 868 (1970), we held plaintiff could not maintain an action as a "holder" because it did not have possession of the instrument at the commencement of the action. We further stated:

"That part of the comment that is particularly significant is that the owner of a lost instrument is not a 'holder' because he is not in possession. Also, if one is not in possession for some cause other than because the instrument is lost he cannot be a 'holder.' Except for ORS 73.8040, just referred to, and other provisions not here material, one cannot maintain an action upon the instrument if he is not a 'holder.' Thus, possession of the instrument is a prerequisite to maintaining an action on it with the sole exception here material of ORS 73.8040. This exception is clearly of no avail to plaintiff." 255 Or at 201.

We now conclude a portion of that statement is too broad and that the plaintiff can maintain this action although he is not in possession of the note.

Our statement quoted above refers to a "lost instrument." ORS 73.8040 provides:

"The owner of an instrument which is lost, whether by destruction, theft or otherwise, may

maintain an action in his own name and recover from any party liable thereon upon due proof of his ownership, the facts which prevent his production of the instrument and its terms. The court may require security indemnifying the defendant against loss by reason of further claims on the instrument."

There is some judicial support for the contention that the note in the present case could be considered a "lost instrument" within the meaning of the UCC. *Dluge v. Robinson,* 204 Pa Super 404, 204 A2d 279 (1964), 2 UCC Rptg Serv 376; *American Cement Corp. v. Century Transit Mix, Inc.* (1966), 3 UCC Rptg Serv 424; *Hamilton Watch Employees Federal Credit Union v. Retallack,* 61 Lancaster L Rev 159 (1967), 5 UCC Rptg Serv 739. However, plaintiff did not make that contention.

We conclude that when we have the unique circumstances in which the maker has possession of the note and the note is in evidence, another exception should be judicially grafted onto the UCC and the plaintiff should be able to maintain this action without having the possession of the note. The two reasons for requiring possession are absent. Because the defendant has the instrument he cannot be subject to double liability although the plaintiff does not have the instrument. Similarly, the necessary "simplicity and clarity of the law of commercial paper" which are normally promoted by treating the note as property and requiring possession are not destroyed. Although the note is held by the defendant, the plaintiff is entitled to its possession.

The other contentions of the defendant present factual issues and there was evidence to support the general finding of the trial court for the plaintiff.

Affirmed.

McALLISTER, J., concurs in the result.