601 P.2d 605

**Margalene VANCE, Appellant,**

v.

**Virgil VANCE, an Individual; and Western States Farm Management Company, a corporation, Appellees.**

No. 14454.

Supreme Court of Arizona,
In Banc.

Oct. 12, 1979.

Allen, McClennen & Fels by James R. Harrison, Phoenix, for appellant.

Herbert Mallamo, Phoenix, for appellees.

CAMERON, Chief Justice.

This is an appeal by Margalene Vance from an order of the trial court dismissing her complaint against Virgil Vance and Western States Farm Management Company. We have jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

We must answer two questions on appeal:

1. Is the complaint barred by the doctrine of res judicata because of the dismissal of the action in a prior case?

2. May a co-payee on a note sue the maker without the concurrence of the other payee?

The facts necessary for a determination of this matter on appeal are as follows. On 27 December 1968, Western States Farm Management Company executed a promissory note payable to Margalene Vance and Virgil Vance in the amount of $1,250,000, plus interest, and payable at the rate of $83,333.33 annually. In 1972, Margalene Vance and Virgil Vance were divorced and Margalene Vance was awarded an undivided 44% interest in the proceeds from said note.

In 1976, Margalene Vance, contending that Western States had defaulted on the note, brought suit in her name against Western States. Western States moved to dismiss based upon A.R.S. § 44–2516 for failure of Virgil Vance to be included as a party. Margalene Vance moved to file an amended complaint to add Virgil Vance as a party plaintiff as well as a conspiracy charge alleging Virgil Vance and Western States knowingly conspired to exclude Margalene Vance from the proceeds of the note.

The trial judge denied the motion to amend and granted the motion to dismiss. This was appealed and the Court of Appeals, Division One, Department C, in a memorandum decision (see Rule 48, Rules of the Arizona Supreme Court, 17A A.R.S.), affirmed the decision of the trial court except that the order of dismissal was amended to show that it was without prejudice.

Margalene Vance then brought the instant suit against Western States Farm Management Company and Virgil Vance as a party defendant. The defendant Western States Farm Management Company moved to dismiss again relying upon A.R.S. § 44–2516 and further on the basis of res judicata referring to the previous lawsuit. Western's motion was granted and Margalene Vance appeals.

## RES JUDICATA

■ We believe that the action is not barred by the doctrine of res judicata for two reasons. First, the opinion of the Court of Appeals clearly stated, "The case is remanded to the trial court with the direction that the order of dismissal show that it is without prejudice." By ordering that the ruling of the trial court be amended to provide that the dismissal would be without prejudice, it was the "obvious intent" of the Court of Appeals that the matter could be filed again. This was the "law of the case" and "right or wrong" controls the proceedings in the trial court. *Tucson Gas & Electric Co. v. Superior Court*, 9 Ariz.App. 210, 450 P.2d 722 (1969); *Temp-Rite Engineering Co. v. Chesin Construction Co.*, 3 Ariz.App. 229, 413 P.2d 288 (1966).

■ Second, the prior case was not a determination on the merits so as to involve the doctrine of res judicata. The doctrine of res judicata binds the same parties standing in the same capacity in subsequent litigation as to issues decided or which would have been decided in prior litigation. *Di Orio v. City of Scottsdale*, 2 Ariz.App. 329, 408 P.2d 849 (1965). The rule does not apply, however, to the question of improper parties:

"§ 508. Defect of parties.

"The general rule is that a judgment rendered because of a defect of parties does not operate to bar a subsequent action. (footnote omitted) This rule prevails whether the judgment is based upon a want of parties, (footnote omitted) a misjoinder of parties, (footnote omitted) a temporary disability of the plaintiff to sue, (footnote omitted) or a mistake of the plaintiff as to the character or capacity in which he brings suit. (footnote omitted) * * *" 46 Am.Jur.2d, § 508, p. 662.

This is specifically covered by our Rules of Civil Procedure:

"41(b) Involuntary dismissal: effect thereof.

"For failure of the plaintiff to prosecute or to comply with these rules or any order

of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Rule 41(b), Rules of Civil Procedure, 16 A.R.S.

Since the matter was dismissed in the first action because of failure to join a party, res judicata does not apply. Rule 41(b), supra. See also *Phillips v. Arizona Board of Regents,* 123 Ariz. 4, 601 P.2d 608 (1979).

### MUST VIRGIL VANCE CONCUR IN THE SUIT UPON THE NOTE?

Western States further contends that the trial court in the instant case was correct in dismissing the action based upon A.R.S. § 44–2516 which states in part as follows:

"An instrument payable to the order of two or more persons:

    \*    \*    \*    \*    \*    \*

"(2) if not in the alternative is payable to all of them and may be negotiated, discharged or enforced only by all of them."

Western States contends that this provision prohibits Margalene Vance from suing without the concurrence of Virgil Vance.

The reasons for A.R.S. § 44–2516 are apparent. A note made out to more than one party should not subject the maker to multiple lawsuits by the various payees. The maker has the right to demand that if a suit is brought on the note by one of two or more payees that payment of a judgment for the full amount due on the note will be a complete discharge of the maker's obligation as to all payees. It does not follow, however, that one uncooperative payee can prevent a co-payee from suing on the note. If one payee could prevent, by inaction, the other payee from collecting from the maker

what is due on the note, collusion and fraud would be encouraged to the damage of the legitimate interest of the other payee. We believe that our rules provide for exactly this type of situation:

"19.  Joinder of a person needed for just adjudication

"19(a).  Persons to be joined if feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties * * *. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff." Rule 19(a), Arizona Rules of Civil Procedure, 16 A.R.S.

Complete relief in this action cannot be accorded without the presence of Virgil Vance. He can, therefore, be brought into the action even against his will. It is immaterial whether he is a defendant or an involuntary plaintiff. Virgil Vance having been served and brought into the action, the action can be maintained and Western States must defend on the merits. The order dismissing the action was error.

Judgment reversed and the matter remanded for proceedings consistent with this opinion.

HAYS, HOLOHAN and GORDON, JJ., concur.

NOTE: Vice Chief Justice FRED C. STRUCKMEYER, Jr., did not participate in the determination of this matter.