**Jarma L. BENSINGER, Appellant (Plaintiff),**

v.

**Hunter L. SCOTT, Mary C. Scott, Scotlands, a California Corporation, Tamarack Enterprises, Inc., a Wyoming Corporation, and Frank S. Kenyon, Appellees (Defendants).**

**No. 5418.**

Supreme Court of Wyoming.

March 25, 1981.

Arthur Aaronson, Aaronson & Aaronson, Los Angeles, Cal., and L. B. Cozzens, Simpson, Kepler & Cozzens, Cody (on brief), Cozzens (argued), for appellant (plaintiff).

Larry L. Jorgenson, Jorgenson, Vaughn & Hartnett, Jackson (argued), for appellees (defendants).

Before ROSE, C.J., and RAPER, THOMAS and ROONEY, JJ., and JOHNSON, District Judge.

ROONEY, Justice.

Appellant-plaintiff instituted an action against appellees-defendants for specific performance of two contracts and for a declaratory judgment determining the rights and status of the parties under the provisions of such contracts. One contract was between appellant and appellee Scotlands, a California corporation, and the other was between appellant and appellees Scotts. Each contract gave appellant the right of first refusal to purchase certain property in Teton County. Subsequently, appellees Scotts granted separate easements over such property to appellee Tamarack Enterprises, Inc. and appellee Kenyon. Appellant appeals from a judgment of the district court which held that the right of first refusal was not triggered by the granting of the easements.

We reverse and remand.

Appellant owns 9.97 acres in Teton County. Appellees Scotts own 28.73 adjacent acres (hereinafter referred to as "first refusal property"), together with other neighborhood property. During the time pertinent to this case, the first refusal property was transferred to appellees Scotts by appellee Scotlands, a corporation owned and controlled by appellees Scotts. On June 26, 1972, the first contract titled "Modification of Restrictions and Grant of Right of First Refusal" was executed by appellant, by appellee Scotlands and by appellant's predecessor in title. It provided in pertinent part:

"4. Scotlands hereby grants to Bensinger the right of first refusal to purchase [first refusal property] * * * on the following terms and conditions:

"Prior to the *sale of all or any part* of the first refusal property, Scotlands shall deliver to Bensinger written notice, setting forth the intended sales price, a description of the property proposed to be sold, and a description of the terms upon which the property is proposed to be sold. Thereafter, Bensinger shall have a period of thirty (30) days after receipt of such notice in which to elect to purchase the property proposed to be sold on the terms and conditions set forth in such notice. * * *" (Bracketed material and emphasis supplied.)

After the first refusal property was transferred from appellee Scotlands to appellees Scotts, the second contract, which was between appellant and appellees Scotts, was executed on July 13, 1978. It provided in pertinent part:

"1. The Scotts hereby agree that the First Refusal Property is held by them subject to all the terms and conditions of the right of first refusal set forth in the agreement hereinabove referred to [the June 26, 1972, contract] and that they will not *sell or transfer all or any part* of the First Refusal Property without first offering said property to Bensinger * * *." (Bracketed material and emphasis supplied.)

On September 15, 1978, without advice to appellant, appellees Scotts executed separate warranty deeds to appellee Tamarack Enterprises, Inc. and to appellee Kenyon for certain properties in the neighborhood of the first refusal property,

"Together with and including a nonexclusive easement for private roadway and utility purposes sixty (60) feet in width * * *"

across the first refusal property.[1] The trial court based the judgment upon findings that:

"* * * [t]he intent of the parties at the time the right of first refusal was created was *to cover situations where a sale was to be made.* The agreement did not con-

template the situation of an easement being granted.

"In summary the Court concludes that the intent of the parties at the time of contracting was to give the Bensingers the right of first refusal to purchase the property in question, not to an easement which is a part of the property and the granting of the easement did not trigger the right of first refusal. * * *"

Appellees' argument on this appeal was in accordance with these findings.

■■■ But such argument and findings are without consideration of the words "or any part" of the first refusal property as contained in both contracts, or of the word "transfer" in addition to the word "sale" as contained in the second contract. The property included in the easement was both part of the entire first refusal property and part of the entire estate of such first refusal property. The word "transfer" is a word of conveyance and is more inclusive than the word "sale." A transfer or conveyance may be by sale, by testamentary gift, by inter vivos gift, in trust or by other means, and such may be of the entire fee or of a lesser interest or estate in the property. A conveyance, grant, or transfer passes title in property, usually realty, or an interest therein, from one person to another. *Commercial Discount Co. v. Cowen,* 18 Cal.2d 610, 116 P.2d 599 (1941); *Sinas v. City of Lansing,* 382 Mich. 407, 170 N.W.2d 23 (1969); *Hayter v. Fern Lake Fishing Club,* Tex.Civ.App., 318 S.W.2d 912 (1958); *Ditto Investment Company v. Ditto,* Tex.Civ. App., 302 S.W.2d 692 (1957); *Scheid v. Shields,* 269 Or. 236, 524 P.2d 1209 (1974). A nonexclusive easement is an incorporeal hereditament or an interest in the property of a servient tenement. It is a claim on lands. *Lingle Water Users' Ass'n v. Occidental Building & Loan Ass'n,* 43 Wyo. 41, 297 P. 385 (1931); *State of Wyoming v. Udall,* 10th Cir., 379 F.2d 635 (1967); 28 C.J.S. Easements § 1; 25 Am.Jur.2d Easements § 2 (1966).

---

1. Appellees Scotts had the power to designate the exact location of the easements, and such could have been designated over property of appellees Scotts other than the first refusal property.

 The grantings of these easements were transfers of interests in the first refusal property. The language of the July 13, 1978, contract is plain: the first refusal was to be triggered by a "transfer of all or any part" of the first refusal property. That was done here.[2] If the language of a contract is plain and unequivocal, that language is controlling. *Hollabaugh v. Kolbet*, Wyo., 604 P.2d 1359 (1980); *Wyoming Machinery Company v. United States Fidelity and Guaranty Company*, Wyo., 614 P.2d 716 (1980); *Shepard v. Top Hat Land & Cattle Co.*, Wyo., 560 P.2d 730 (1977).

Appellees Scotts are held to be aware of, and to be bound by the language of the contracts executed by them. *Laird v. Laird*, Wyo., 597 P.2d 463 (1979).

The conditions set forth in the July 13, 1978, contract were accomplished. The right of first refusal was triggered by the transfer of a part of the first refusal property, i. e. by granting the easements.

Our holding makes it unnecessary for us to address the issues (1) of whether or not the transfers were also sales; (2) of whether or not the question relative to violation of an implied covenant of good faith and fair dealing was properly before the court, and, if so, whether or not it was violated; and (3) of whether or not the right of first refusal was rendered valueless by the granting of the easements.

We reverse and remand the case for a determination by the trial court of the value of the easements, i. e. the proportion of the amount paid by appellees Tamarack Enterprises, Inc. and Kenyon to appellees Scotts for the purchase of the neighboring land and easements which was attributable to the easements; and for a determination by the trial court of the remedy to be afforded appellant if she chooses to exercise her preemptive right to purchase, i. e. the rights and status of the parties.[3]

---

2. The separate deeds from appellees Scotts to appellee Tamarack Enterprises, Inc. and to appellee Kenyon each provided that appellees Scotts "CONVEY AND WARRANT" certain described real property "[t]ogether with and including a nonexclusive easement" over the first refusal property.

3. Appellant suggested that she be authorized to purchase the easements from appellees Tamarack Enterprises, Inc. and Kenyon. Such easements being null and void, any purchase of easements may have to be made from appellees Scotts.