721 P.2d 151

**Patricia L. FORE (nee Bles), Plaintiff-Appellee,**

v.

**Thomas C. BLES and Industrial Service and Supply, Inc., an Arizona corporation, Defendants-Appellants.**

**No. 1 CA–CIV 8258.**

Court of Appeals of Arizona, Division One, Department A.

May 6, 1986.

Bonn & Pohlman by Paul V. Bonn, Phoenix, and John H. Cassidy, for plaintiff-appellee.

Robbins & Green, P.A. by Joe M. Romley, Phoenix, for defendants-appellants.

## OPINION

GREER, Judge.

In her divorce from Thomas Bles, Patricia Fore was awarded an interest in loan repayments due on a promissory note that was payable to Bles upon demand. The sole question on appeal is whether Fore

had standing to sue for payment on the note. We hold that Fore was a transferee as result of the dissolution decree within the meaning of A.R.S. § 47–3201(A). Therefore, she had standing to sue on the note.

## I. FACTS

Bles and his son were the principal shareholders in Industrial Service and Supply, Inc. (ISSI). Bles lent ISSI $133,431.44 in exchange for ISSI's promissory note. The note provided that it was "interest free," that the principal was payable on demand to Bles, and that ISSI would pay all attorneys' fees arising from collection on the note.

In the decree of dissolution of marriage between Fore and Bles, the court found that $105,000 of the $133,431.44 loaned by Bles to ISSI was community property. The court awarded Fore as her sole and separate property "one half of the loan repayments due to the community from I.S.S.I." Fore demanded payment from ISSI of $52,500, her share of the loan repayments due on the note but ISSI refused. Fore sued defendants, Bles and ISSI. She requested that Bles be adjudged an involuntary party plaintiff entitled to the principal, in excess of $52,500, due on the note. She also requested judgment against ISSI in her favor for $52,500, interest at the rate of ten percent per year from date of demand, and costs and attorneys' fees.

The trial court entered summary judgment for Fore on the note in the amount of $52,500, ordered Bles upon notification of the filing of a satisfaction of judgment to present the note for the purpose of partial cancellation, and declared that Bles alone would be entitled to the principal amount due on the note after partial cancellation.

## II. ANALYSIS

Defendants argue that Fore had no standing to sue in her own name on the note because Fore was not a holder, Bles did not transfer any interest in the note to Fore, and the dissolution decree did not purport to transfer any interest in the note to Fore. Defendants argue that only the holder of the note, Bles, had standing to demand payment.

The holder of an instrument may sue in his own name on the instrument. A.R.S. § 47–3301. A "holder" is a person who possesses an instrument issued or endorsed to him. A.R.S. § 47–1201(20). Transfer of an instrument vests in the transferee all of the transferor's rights in the instrument. A.R.S. § 47–3201(A). Thus, transfer of an instrument from a holder vests in the transferee the right to sue in his own name on the instrument. *Cf. General Accident Fire & Life Assurance Corp. v. Little*, 103 Ariz. 435, 438, 443 P.2d 690, 695 (1968) ("It has long been the law in Arizona ... that an assignee of a chose in action may maintain suit thereon in his own name ...").

Courts in other jurisdictions have recognized that a transferee may sue in his own name on an instrument, although the instrument is not endorsed or not delivered to him. *E.g., Pay Center, Inc. v. Milton*, 632 P.2d 642, 643 (Colo.App.1981) (no endorsement); *Sweedler v. Oboler*, 319 N.Y. S.2d 89, 91, *aff'd*, 37 A.D.2d 1049, 325 N.Y.S.2d 996 (1971) (no endorsement); *Scheid v. Shields*, 269 Or. 236, 524 P.2d 1209, 1210 (1974) (no delivery). The court's concern in these suits is that the obligor not be twice liable, first to the transferee and then to the holder. *E.g., McCune v. Dynamics Research, Inc.*, 8 Ariz.App. 13, 15, 442 P.2d 550, 552 (1968) (the pledgee, which was a partial transferee, could maintain an action against the maker of the note so long as the holder was also a party).

In this case, the promissory note was not issued to Fore nor was it endorsed or otherwise actually transferred by Bles to Fore. Therefore, we must decide whether, as a result of the dissolution decree, Fore was a transferee of an interest in the note within the meaning of A.R.S. § 47–3201(A). This is a question of first impression in Arizona.

"Transfer" is not defined in the Uniform Commercial Code. Arizona Revised Statutes § 47–3201 is based on "the property principle that a transferee of property, be it real property, tangible personal property or

intangible property, gets all of the rights of his transferor as a result of the transfer." 2 F. Mart & W. Willier, *Bender's Uniform Commercial Code Service* § 12.02[1] (1976). Thus, our analysis of whether Fore was a transferee is based upon community property principles.

Under defendants' interpretation of the dissolution decree, Fore was awarded a beneficial interest in the note, but Bles retained the exclusive right to demand payment on the note. Defendants' interpretation contradicts a basic principle of community property. When community property is divided, each ex-spouse loses all control over the other's separate property. *Koelsch v. Koelsch*, 148 Ariz. 176, 713 P.2d 1234 (1986).

Our supreme court recently applied this principle in considering when a woman could receive payment of her separate property interest in her ex-husband's pension benefits. In *Koelsch*, the ex-husband's pension benefits had matured and the only factor preventing immediate payment of the benefits was his refusal to retire. The ex-husband argued that although the ex-wife had an interest in the benefits, he could delay her receipt of the benefits by not retiring. The court rejected the ex-husband's argument reasoning that his decision not to retire deprived his ex-wife of the immediate enjoyment of her separate property and forced her to invest in the pension plan and risk losing the benefits completely if he died prior to retirement. In sum, the court in *Koelsch* found that the timing of the receipt of property is an important aspect of the value of the property, and that the ex-husband may not unilaterally deprive the ex-wife of her separate property by delaying her receipt of the property. The court said:

> When the community property is divided at dissolution pursuant to the mandate of A.R.S. § 25–318, each spouse receives an immediate, present, and vested separate property interest in the property awarded to him or her by the trial court. It is clear that a former spouse loses any in-

terest in and control over that separate property.

*Koelsch*, 148 Ariz. at 181, 713 P.2d at 1239.

The reasoning in *Koelsch* is clearly applicable to the present case. Bles, by refusing to demand payment on the promissory note, could deprive Fore of the immediate enjoyment of the loan repayments. Further, he could force Fore to invest in ISSI and to risk, for example, ISSI's bankruptcy. Finally, Bles could delay payment of Fore's interest in the loan repayments thereby actually decreasing the real value of her interest because the note bore no interest.

In determining that Fore was a transferee, we also discourage collusion between Bles and ISSI. In *Vance v. Vance*, 124 Ariz. 1, 3, 601 P.2d 605, 607 (1979), our supreme court concluded that an uncooperative payee could not prevent a co-payee from suing on a promissory note:

> If one payee could prevent, by inaction, the other payee from collecting from the maker what is due on the note, collusion and fraud would be encouraged to the damage of the legitimate interest of the other payee.

*Vance*, 124 Ariz. at 3, 601 P.2d at 607.

We hold that, as a result of the dissolution decree, Fore was a transferee of an interest in the note within the meaning of A.R.S. § 47–3201(A) and had the right to sue on the note.

## III. CONCLUSION

We affirm the trial court's grant of summary judgment in favor of Fore and against defendants.

Fore's request for attorneys' fees is granted, pursuant to A.R.S. § 12–341.01. Fore is directed to comply with Rule 21(c), Arizona Rules of Civil Appellate Procedure, in the manner set forth in *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

MEYERSON and KLEINSCHMIDT, JJ., concur.