959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rupert Edward GAFFNEY, Plaintiff-Appellant,
v.
CITY OF PHOENIX, Police Department; Maricopa County,
Defendants-Appellees.
 No. 91-15644.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rupert Edward Gaffney appeals pro se the district court's dismissal of his 18 U.S.C. § 2520 action for failure to state a claim. The district court held that the action was barred by the statute of limitations and by the doctrine of res judicata. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and vacate and remand.
 
 
 3
 Gaffney brought this action pursuant to 18 U.S.C. § 2520, which authorizes civil suits for violations of the federal wiretap statute, 18 U.S.C. §§ 2510-2520. Gaffney alleged that defendants illegally intercepted his telephone communications and obtained an invalid court order after the interception. The district court construed the complaint as a civil rights complaint pursuant to 42 U.S.C. § 1983. The district court dismissed the complaint on the ground that it was barred by the statute of limitations, and that it was barred by res judicata because Gaffney had filed a suit on the same cause of action in state court.
 
 
 4
 Gaffney alleges that the events which form the basis of his action occurred August 20 through August 31, 1988. Gaffney's complaint was filed in district court on September 21, 1990, and the district court found that it was barred by the applicable two-year statute of limitations.[1] Nevertheless, Gaffney's complaint is stamped "Received" by the district court August 24, 1990, within the applicable limitations period. A complaint is considered filed when it is placed in the possession of the clerk of the court. Cintron v. Union Pac. R.R. Co., 813 F.2d 917, 920 (9th Cir.1987). Thus, because the clerk of the court received the complaint before the statute of limitations expired, the complaint was timely filed. See id.
 
 
 5
 The district court also dismissed the complaint on the basis of res judicata because Gaffney had filed an action in state court based on the same wiretap violations. Gaffney's state action is currently pending appeal to the state appellate court. A federal court must give the same preclusive effect to a state court judgment as would the courts of the state where the judgment was rendered. Allen v. McCurry, 449 U.S. 90, 95 (1980). Under Arizona law, "a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." Chaney Bldg. Co. v. City of Tucson, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986) (citations omitted). An appeal from a judgment does not suspend the effect of the judgment as res judicata between the parties. Arizona Downs v. Superior Court, 128 Ariz. 73, 76, 623 P.2d 1229, 1232 (1981). A dismissal for lack of subject matter jurisdiction is not a disposition on the merits and therefore does not operate as res judicata. Vance v. Vance, 124 Ariz. 1, 4, 601 P.2d 605, 607 (1979) (en banc); Gatecliff v. Great Republic Life Ins. Co., 154 Ariz. 502, 506, 744 P.2d 29, 33 (Ct.App.1987).
 
 
 6
 Here, Gaffney contends that his state court action was or should have been dismissed for lack of subject matter jurisdiction, and that therefore it is proper for him to seek a remedy in federal court for violation of the federal wiretap statute. Based on the record before us, we cannot determine the state court's grounds for dismissing Gaffney's state court action. If, as Gaffney contends, the state court dismissed the action for lack of subject matter jurisdiction, then res judicata is not available to bar this action. See Vance, 124 Ariz. at 4; Gatecliff, 154 Ariz. at 502. Accordingly, we remand to the district court for further consideration.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court held that because this was a section 1983 action, Arizona's two-year statute of limitations for personal injury applied. See Ariz.Rev.Stat.Ann. § 12-542; Wilson v. Garcia, 471 U.S. 261, 275 (1985) (state statute of limitations for personal injury applies to section 1983 actions). Gaffney contends that this action is pursuant to 18 U.S.C. § 2520. Section 2520(e) provides a two-year statute of limitations. 18 U.S.C. § 2520(e). Thus, under either analysis, the applicable statute of limitations is two years