**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000926
06-APR-2020
03:07 PM**</span>

NO. CAAP-17-0000926

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, A NATIONAL BANKING
ASSOCIATION AS TRUSTEE FOR SARM 05-19XS,
Plaintiff-Appellee,
v.
DYLAN THEDE, Defendant-Appellant,
and
ASSOCIATION OF APARTMENT OWNERS OF VILLAS ON THE PRINCE;
PRINCEVILLE II COMMUNITY ASSOCIATION, Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0114)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Chan and Wadsworth, JJ.)

This appeal arises out of a foreclosure decree entered by the Circuit Court of the Fifth Circuit (**Circuit Court**) against Defendant-Appellant Dylan Thede (**Thede**). On November 30, 2017, the Circuit Court entered its Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**), and the related Judgment (**Foreclosure Judgment**), both in favor of Plaintiff-Appellee U.S. Bank National Association, a National Bank Association as Trustee for SARM 05-19XS **(U.S. Bank)**, and against Thede, Defendant-Appellee Association of Apartment Owners of Villas on the Prince, and

Defendant-Appellee Princeville II Community Association.[1]

Thede appeals from the Foreclosure Decree and the Foreclosure Judgment.[2]  He contends that the Circuit Court erred in granting U.S. Bank's motion for summary judgment and interlocutory decree of foreclosure (**MSJ**) by relying on "the hearsay testimony of U.S. Bank's declaring witnesses" to establish U.S. Bank's standing to foreclose on Thede's mortgaged property.  He also summarily argues that the Circuit court erred in disregarding an expert report disputing the authenticity of the original note at issue in the foreclosure.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Thede's contentions as follows and vacate and remand.

## I.   RELEVANT BACKGROUND

On April 13, 2012, U.S. Bank filed a Complaint for Foreclosure (**Complaint**) in the Circuit Court.  U.S. Bank alleged, among other things, that: (1) on June 1, 2005, Thede obtained a $612,000 loan (**Loan**) from Countrywide Home Loans, Inc. (**Countrywide**), by executing a promissory note (**Note**), secured by a mortgage (**Mortgage**) recorded with respect to real property located at 4141 Queen Emmas Dr., #1538, Princeville, Hawaiʻi 96722 (**Property**); (2) the Mortgage was assigned to U.S. Bank by an Assignment of Mortgage recorded on October 13, 2009; (3) Thede defaulted under the payment terms of the Note and Mortgage; (4) following written notice to Thede and his failure to cure the default, U.S. Bank exercised its option to accelerate the loan and to declare the entire principal due under the Note and secured by the Mortgage, plus interest, advances, and other charges, immediately due and payable; and (5) U.S. Bank was entitled to foreclose the Mortgage and to sell the Property.

---

[1]    The Honorable Randal G.B. Valenciano presided.

[2]    The Association of Apartment Owners of Villas on the Prince and Princeville II Community Association did not appeal from the Foreclosure Judgment and, as presumably nominal appellees, did not file answering briefs. See Hawaiʻi Rules of Appellate Procedure Rule 28(c).

On December 11, 2015, U.S. Bank filed its MSJ, which included an attached "Verified Declaration of Indebtedness." Ryan Cable (**Cable**) signed the declaration (**Cable Declaration**) and asserted that he had knowledge of, and was competent to testify to, "the matters stated [t]herein by virtue of [his] employment for Nationstar Mortgage LLC, the loan servicing agent for Plaintiff [U.S. Bank]." Cable declared, among other things, that "[o]n or about June 1, 2005, [Thede] . . . duly made, executed and delivered to Countrywide . . ., an Adjustable Rate Note ('Note') in the amount of $612,000.00[,]" which was attached as Exhibit "A" to the Cable Declaration. Cable also stated that "[U.S. Bank] is in possession of the Note."

Thede filed a memorandum in opposition on October 27, 2016, and a supplemental memorandum in opposition on April 12, 2017. In his supplemental memorandum, Thede argued that U.S. Bank had failed to establish its standing to foreclose under the supreme court's then-recently issued decision in Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017). In particular, Thede argued that U.S. Bank had not demonstrated it was the holder of the Note at the time the Complaint was filed.

On June 19, 2017, U.S. Bank filed the "Affidavit of Bank of America, N.A. Re: Possession of Note as Prior Servicer." Nichole Renee Williams (**Williams**) signed the affidavit **(Williams Affidavit)** which stated, in relevant part:

> 1. I am authorized to sign this Declaration on behalf of Bank of America, N.A. ("BANA"), which was the prior servicer for the subject loan (the "Loan") for Plaintiff U.S. BANK NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION AS TRUSTEE FOR SARM 05-19XS.
>
> 2. As prior servicer, BANA maintained records for the Loan. As part of my job responsibilities for BANA, I am familiar with the type of records that were maintained by BANA in connection with the Loan. As such, I am authorized to make this Declaration.
>
> 3. The information in this Declaration is taken from BANA's business records. I have personal knowledge of BANA's procedures for creating these records. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of BANA's regularly conducted business activities; and (c) created by BANA as a regular practice.

4.    My knowledge is based on my review of BANA's business records and files related to the mortgage loan which is the subject of this foreclosure.

5.    On April 13, 2012, the Complaint for Foreclosure was filed herein.  A true and correct copy of the Complaint is attached as Exhibit "1".

6.    At the time the Complaint was filed, BANA was the servicer for the Loan.

7.    On April 13, 2012, BANA was in possession of the original Adjustable Rate Note dated June 1, 2005 in the principal amount of $612,000.00 executed by DYLAN THEDE in favor of Countrywide Home Loans, Inc. endorsed in blank ("Note").  A true and correct copy of the Note is attached as Exhibit "2".

8.    On or about March 31, 2014, servicing of the Loan transferred to Nationstar Mortgage LLC.

On August 1, 2017, U.S. Bank filed a supplemental declaration in support of its MSJ.  Rebecca C. Wallace (**Wallace**) signed the declaration (**Wallace Declaration**), which stated, in relevant part:

1.    I am authorized to sign this Declaration on behalf of Plaintiff U.S. BANK NATIONAL ASSOCIATION, A NATIONAL BANKING ASSOCIATION AS TRUSTEE FOR SARM 05-19XS ("Plaintiff") as an authorized signer of Nationstar Mortgage LLC ("Nationstar"),which is Plaintiff's servicing agent for the subject loan ("the loan").

2.    Nationstar maintains records for the loan in its capacity as Plaintiff's servicer.  As part of my job responsibilities for Nationstar, I am familiar with the type of records maintained by Nationstar in connection with the Loan. As such, I am authorized to make this Declaration.

3.    Nationstar is the current loan servicer for Plaintiff and acts as the exclusive representative and agent of Plaintiff in the servicing and administering of mortgage loans referred to Nationstar, including the Loan being foreclosed in this action.

4.    The information in this Declaration is taken from Nationstar's business records.  I have personal knowledge of Nationstar's procedures for creating these records. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Nationstar's regularly conducted business activities; and (c) created by Nationstar as a regular practice.

5.    On April 13, 2012, Plaintiff filed its Complaint for Foreclosure ("Complaint").

6.    At the time the Complaint for Foreclosure was filed, Bank of America, N.A. ("BANA") was the servicer for the Loan.

7.    Based on the affidavit executed by Nichole Renee Williams on May 31, 2017 as an authorized representative of

4

BANA ("Affidavit"), BANA was in possession of the original Adjustable Rate Note dated June 1, 2009 in the principal amount of $612,000.00 executed by Defendant DYLAN THEDE in favor of Countrywide Home Loans, Inc., endorsed in blank ("Original Note"), when the Complaint was filed. . . .

8. On __4/01/2014__, servicing of the Loan was transferred from BANA to Nationstar.

9. When the servicing rights of the Loan were transferred to Nationstar, BANA transferred its servicing records pertaining to the Loan to Nationstar. Among the records and documents was the Original Note.

10. The records of prior servicers are regularly used and relied upon by Nationstar in all dealings with all the borrowers, in reporting all profit and loss on the mortgage loans to the Plaintiff, in the preparation, filing and payment of income taxes dependent upon such information, and in evaluating Nationstar's own job performance.

11. Before the records of prior servicers were incorporated into Nationstar's own business records, it conducted an independent check into the records of prior servicers and found them in keeping with industrywide loan servicing standards and only integrated them into Nationstar's own business records after finding these records were made as part of a regularly conducted activity, met industry standards, and determined to be trustworthy.

12. Nationstar maintains all the day to day loan documents, records and accounting of payments on the Loan being foreclosed in this action including all documents and business records acquired by Plaintiff when it purchased the subject mortgage loan.

13. Under the terms of Nationstar's servicing arrangement, Plaintiff does not participate in, keep and maintain any of the day to day loan documents, inputting of accounting data, saving of business records and all communications with borrowers.

14. All declarations, affidavits, and exhibits filed in support of Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure filed on December 11, 2015 are incorporated by reference.

On August 7, 2017, Thede filed a further supplemental memorandum in response to the Wallace Declaration. Thede argued, among other things, that Wallace and Williams: (1) were not qualified to authenticate U.S. Bank's business records; (2) failed to demonstrate personal knowledge that U.S. Bank was in possession of the Note when the Complaint was filed; and (3) offered inadmissible hearsay.

On August 17, 2017, U.S. Bank filed an amended supplemental declaration signed by Wallace in support of its MSJ (**Amended Wallace Declaration**). The Amended Wallace Declaration appears to have corrected Paragraphs 8 and 9 of the Wallace

Declaration, as follows:

> 8.     On April 1, 2014, servicing of the Loan was transferred from Specialized Loan Servicing LLC ("SLS") to Nationstar[.]
>
> 9.     When the servicing rights of the Loan were transferred to Nationstar, SLS transferred its servicing records pertaining to the Loan to Nationstar. Among the records and documents transferred to Nationstar by SLS was the Original Note.  Loan servicing records from BANA were also included in the records and documents transferred from SLS to Nationstar.

On September 14, 2017, U.S. Bank filed a further supplemental reply memorandum in support of its MSJ.

Following a September 19, 2017 hearing on U.S. Bank's MSJ, the Circuit Court granted the MSJ and entered the Foreclosure Decree and the Foreclosure Judgment on November 30, 2017.  Thede filed a timely notice of appeal.

## II.  DISCUSSION

In Reyes-Toledo, the Hawaiʻi Supreme Court held that to establish the right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject promissory note, at the time the action was commenced.  139 Hawaiʻi at 367-70, 390 P.3d at 1254-57.  The "foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as '[s]tanding is concerned with whether the parties have the right to bring suit.'"  Id. at 367, 390 P.3d at 1254 (quoting Mottl v. Miyahira, 95 Hawaiʻi 381, 388, 23 P.3d 716, 723 (2001)).  The supreme court further noted that "a foreclosing plaintiff does not have standing to foreclose on mortgaged property unless the plaintiff was entitled to enforce the note that has been defaulted on."  Id. at 368, 390 P.3d at 1255 (citing Hanalei, BRC Inc. v. Porter, 7 Haw. App. 304, 310, 760 P.2d 676, 680 (1988)).

Here, it appears that the Circuit Court granted U.S. Bank's MSJ based in part on the copy of the "Adjustable Rate Note" that was attached to the Williams Affidavit (**Attached Note**).  At the September 19, 2017 hearing, the court stated:

> I'm looking at the affidavit of Bank of America, the one filed on June 19th, 2017, where they're alleging that they had the documents -- the note at the time the complaint for foreclosure was filed, so I

6

> believe that would bring this matter in compliance with the Reyes-Toledo situation.
>
> And when I look at the declaration, it talks about Ms. Williams having personal knowledge and working with these documents.
>
> So I'm -- I'm not willing to expand that every time there's a statement in a declaration referring to a document, you have to attach the document. I'm not willing to expand it – that requirement.
>
> And so based on the Court's review of the documents submitted, the pleadings, the Court will be granting the motion for summary judgment.

Thede contends that the Circuit Court erred in granting U.S. Bank's MSJ by relying on "the hearsay testimony of U.S. Bank's declaring witnesses" to establish U.S. Bank's standing to foreclose. Thede also argues that U.S. Bank offered "no admissible evidence" that it possessed the Note when the Complaint was filed.

"Under Hawaiʻi Rules of Civil Procedure Rule 56(e) (2000) and Rules of the Circuit Courts of the State of Hawaiʻi Rule 7(g) (1997), 'a declaration [or affidavit] in support of a summary judgment motion must be based on personal knowledge, contain facts that would be admissible in evidence, and show that the declarant [or affiant] is competent to testify as to the matters contained within the declaration.'" Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 44, 414 P.3d 89, 96 (2018) (quoting U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 30, 398 P.3d 615, 619 (2017)). "Inadmissible evidence 'cannot serve as a basis for awarding or denying summary judgment.'" Id. (quoting Haw. Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 221, 11 P.3d 1, 9 (2000)).

U.S. Bank contends that the Attached Note was admissible under the hearsay exception for records of regularly conducted activity pursuant to Hawaiʻi Rules of Evidence (**HRE**) Rule 803(b)(6).[3/] U.S. Bank further argues that Williams and

---

[3/] HRE Rule 803(b)(6) (Supp. 2011) provides that the following are not excluded by the rule against hearsay:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the

Wallace were each a "qualified witness" with respect to the Attached Note, and each satisfied the standards set out in Mattos for admitting that document into evidence and establishing U.S. Bank's standing to foreclose.

In Mattos and Behrendt, the supreme court reviewed the sufficiency of declarations similar in certain key respects to those at issue here, each of which attested to a promissory note and other documents relating to a foreclosure under the HRE Rule 803(b)(6) business records exception. See Mattos, 140 Hawaiʻi at 31, 398 P.3d at 620; Behrendt, 142 Hawaiʻi at 44-45, 414 P.3d at 96-97. The court's decisions in Mattos and Behrendt are therefore dispositive as to whether HRE Rule 803(b)(6) may serve as a basis to admit the Attached Note into evidence.

With respect to the Williams Affidavit, Williams did not aver that she was the custodian of records for BANA, Countrywide,[4] or any other holder of the Note (e.g., U.S. Bank[5]). Thus, the Attached Note is admissible under HRE Rule 803(b)(6) only if the Williams Affidavit demonstrates that Williams is a "qualified witness" with respect to that document. See Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621; Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97.

The supreme court has held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6)

> testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.

(Emphasis added.)

[4] The Cable Declaration stated that "[o]n or about June 1, 2005, [Thede] . . . duly made, executed and delivered to Countrywide" the Note. (Emphasis added.) In addition, the Note identifies Countrywide as the "Lender" and, in turn, defines the "Note Holder" as the "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note." It therefore appears that Countrywide was the original holder of the Note.

[5] The Cable Declaration states: "By Assignment of Mortgage recorded on October 13, 2009 . . . the mortgagee's interest in the Mortgage was assigned to [U.S. Bank]." Because the debt does not automatically follow the security (Reyes-Toledo, 139 Hawaiʻi at 371 n.17, 390 P.3d at 1258 n.17), it is not clear when U.S. Bank became the holder of the Note. The Williams Affidavit states that BANA was in possession of the Note on April 13, 2012, but does not indicate when BANA's possession commenced.

even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. See Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621; Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97. While there is "no requirement that the records have been prepared by the entity that has custody of them," the testifying witness "must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business." Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97 (quoting and citing Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621).

The court in Behrendt further explained:

> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as 'created' by the receiving business. Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document.

Id. at 45, 414 P.3d at 97 (citation omitted) (citing Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621.

Here, as in Mattos and Behrendt, the Williams Affidavit does not establish that the Attached Note was received by BANA and then incorporated into BANA's records. In addition, like the declaration in Behrendt, the Williams Affidavit does not establish that Williams was familiar with the record-keeping system of Countrywide or any other prior holder of the Note. See 142 Hawaiʻi at 46, 414 P.3d at 98 (declaration of loan servicer employee "ma[de] no assertions as to [the declarant's] familiarity with the record-keeping systems of Funding Group or Option One, which first created the Note and allonges"). Thus, the Williams Declaration does not satisfy the foundational requirements to make Williams a qualified witness with respect to the Attached Note, and she could not authenticate it as a record of a regularly conducted activity under HRE Rule 803(b)(6).

The Wallace Declaration, even as amended, was similarly deficient in providing the foundation necessary to admit the Attached Note under HRE Rule 803(b)(6). Wallace did not state

9

that she was the custodian of records for Nationstar or any prior holder of the Note, so she had to demonstrate that she was a "qualified witness" with respect to the Attached Note.  Yet she did not claim to be familiar with the record-keeping system of Countrywide or any other holder of the Note before BANA.  Indeed, the Wallace Declaration does not specifically assert that Wallace was even familiar with BANA's record-keeping system.  The Wallace Declaration also relies on the Williams Affidavit, which, for the reasons previously stated, is insufficient to admit the Attached Note under the business records exception.

Absent the declaration of a "qualified witness" with respect to the Attached Note, U.S. Bank failed to establish its standing to foreclose.  Because the Attached Note was not admissible as asserted, U.S. Bank did not meet its burden of establishing facts necessary for a grant of summary judgment.  See Behrendt, 142 Hawaiʻi at 46, 414 P.3d at 98.  Given our conclusion, we do not reach Thede's second issue on appeal.

We therefore vacate the (1) Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure, and (2) Judgment, both entered on November 30, 2017, by the Circuit Court of the Fifth Circuit.  The case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, April 6, 2020.


On the briefs:

Gary Victor Dubin and
Frederick J. Arensmeyer
for Defendant-Appellant.

Andrew J. Lautenbach and
Sianha M. Gualano
(Starn O'Toole Marcus & Fisher)
for Plaintiff-Appellee.

/s/ Alexa D.M. Fujise
Presiding Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge