HANALEI, BRC INC., a Hawaii corporation, Plaintiff-Appellant, *v.* GARY S. PORTER and TOSHIKO OMI PORTER, Defendants-Appellees, and GARY S. PORTER, Third-Party Plaintiff, *v.* RICK WALL and SYNCAP, INC., Third-Party Defendants

NO. 12490

(CIVIL NO. 85-0098)

AUGUST 10, 1988

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY TANAKA, J.

Plaintiff Hanalei, BRC Inc. (Plaintiff) appeals from the summary judgment dismissing its amended complaint with prejudice. Concluding that defendant Gary S. Porter (Porter) was not entitled to a judgment as a matter of law, we vacate the judgment and remand the case for further proceedings.

### FACTS

Viewing the evidence and the reasonable inferences therefrom in the light most favorable to Plaintiff, the non-moving party, *Fernandes v. Tenbruggencate,* 65 Haw. 226, 228, 649 P.2d 1144, 1147 (1982); *Kainz v. Lussier,* 4 Haw. App. 400, 406, 667 P.2d 797, 802 (1983), the facts are as follows: On October 6, 1978, Porter and his wife, Toshiko Omi Porter (Toshiko), residents of the State of Idaho, purchased Apartment No. B24 of the Hanalei Bay Resorts condominium project on Kauai. In financing the purchase Porter and Toshiko executed and delivered a promissory note and a first mortgage to Bank of Hawaii, and a promissory note (Note) for $16,200 and a second mortgage to Hanalei BRC, Inc. (Hanalei BRC),[1] a Hawaii corporation. The Note provided for monthly payments of interest only and a maturity date of October 6, 1983, when the entire unpaid principal and accrued interest were due and payable.

---

[1] Hanalei BRC, Inc. (Hanalei BRC), which was dissolved effective December 14, 1979, is a different Hawaii corporation from plaintiff Hanalei, BRC Inc. (Plaintiff), a Hawaii corporation, which was incorporated on March 17, 1980.

306

Effective December 14, 1979, Hanalei BRC was dissolved, and Douglas E. Prior (Trustee) was appointed the trustee for the creditors and stockholders of the dissolved corporation. On December 17, 1980, the Trustee filed his final report and account with the State Department of Regulatory Agencies and reported that all receipts and assets had been "transferred or assigned to . . . Hanalei BRC, Inc., a Hawaii corporation incorporated on March 17, 1980."[2] Record at 106.

On June 28, 1985, Plaintiff filed a complaint against Porter[3] alleging nonpayment of the $16,200 principal of the Note and seeking foreclosure of the second mortgage. Alleging that Porter was residing in Idaho, Plaintiff obtained an ex parte order for service by certified mail.

On August 9, 1985, Porter answered the complaint, counterclaimed, and also filed a third-party complaint against Rick Wall (Wall) and Syncap, Inc. (Syncap), as authorized agents of Plaintiff. The counterclaim and third-party complaint alleged fraud and unfair and deceptive trade practices under Hawaii Revised Statutes (HRS) §§ 480-2 and -13 (1985) in conjunction with Plaintiff's, Wall's, and Syncap's attempts to collect on the Note.[4]

On June 26, 1987, Porter filed a motion seeking a summary judgment in his favor on the complaint. Basically, Porter argued that (1) Plaintiff was not a "holder" and therefore could not enforce the Note; (2) the second mortgage had been extinguished and

---

[2] Defendant Gary S. Porter (Porter) states in his brief that the assignment was to Hanalei BRC, rather than to Plaintiff. However, since Hanalei BRC had been dissolved and was being liquidated, it is clear that the misplacement of the comma in the corporate name was inadvertent and the assignment was to Plaintiff.

[3] It is unclear why Toshiko Omi Porter (Toshiko) was not named as a defendant in the complaint.

[4] We note that Porter's third-party complaint is an improper pleading under Hawaii Rules of Civil Procedure (HRCP) Rule 14(a). Under HRCP Rule 14(a), a defendant may assert a third-party claim "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1446 at 246 (1971) (footnotes omitted). Here, the third-party complaint alleged independent fraud and statutory unfair trade practice claims.

could not be foreclosed;[5] and (3) there being no mortgage to foreclose and Porter being an Idaho resident, the Hawaii courts had no "jurisdiction over this claim." Record at 77. Pursuant to Hawaii Rules of Civil Procedure (HRCP) Rule 56(f), Plaintiff's counsel filed an affidavit seeking a continuance to obtain affidavits to oppose Porter's motion.

At the February 5, 1987 hearing on the motion, the circuit court (1) reserved ruling on the motion and (2) allowed Plaintiff's counsel to submit affidavits and to amend the complaint. On February 11, 1987, Plaintiff filed an amended complaint adding Toshiko as a party defendant, abandoning the mortgage foreclosure remedy, and seeking collection of the Note only. On February 19, 1987, Plaintiff filed a sworn copy of the Note and a sworn copy of an undated indorsement which read as follows:

> Pay to the order of Hanalei, BRC Inc.
> without recourse.
>
> Hanalei BRC, Inc.
>
> By /s/ *Douglas Prior*
>      Douglas Prior
>      Its Trustee in Dissolution

Record at 173.

On February 26, 1987, the circuit court granted Porter's motion. Pursuant to Porter's HRCP Rule 54(b) motion, on September 22, 1987, the court entered a final judgment dismissing Plaintiff's . amended complaint with prejudice and awarding Porter his costs. Plaintiff's timely appeal followed.

The issues on appeal and our answers are as follows:

I. Whether the summary judgment is supportable on the ground that Plaintiff prematurely commenced the action. No.

II. Whether the summary judgment is supportable on the

---

[5] Porter claimed that he and his wife, Toshiko, sold the Hanalei Bay Resorts Apartment No. B24 to certain purchasers under an agreement of sale. Upon default Porter and Toshiko commenced an action to foreclose on the agreement of sale. The court-appointed commissioner sold Apartment No. B24 to Porter subject only to Bank of Hawaii's first mortgage, the second mortgage lien of Hanalei BRC, Inc., a party in the action, having been "forever barred and foreclosed[.]" Record at 102.

ground that the court lacked personal jurisdiction over Porter, a nonresident. No.

III. Whether the circuit court dismissed the amended complaint with prejudice as to Toshiko. No.

I.

Under the Hawaii Uniform Commercial Code, Hawaii Revised Statutes (HRS) Chapter 490 (1985), wherein Article 3 deals with "commercial paper," a "holder" of a negotiable instrument may "enforce payment in his own name." HRS § 490:3-301. A "holder" is defined to mean "a person who is in possession of . . . an instrument . . ., issued or indorsed to him or to his order or to bearer or in blank." HRS § 490:1-201(20). Since possession is requisite to the status of a "holder" of a negotiable instrument, generally, a person without actual possession of the instrument is not a "holder" entitled to maintain an action for its collection. *See Lamb v.Opelika Prod. Credit Ass'n,* 367 So. 2d 957, 959 (Ala. 1979); *Locks v. North Towne Nat. Bank of Rockford,* 115 Ill. App. 3d 729, 732, 451 N.E.2d 19, 20-21 (1983); *Investment Serv. Co. v. Martin Bros. Container & Timber Prod. Corp.,* 255 Or. 192, 199-200, 465 P.2d 868, 871 (1970); 2 F. Hart & W. Willier, Bender's Uniform Commercial Code Service: *Commercial Paper Under the Uniform Commercial Code* § 12.01[5] (1988). The purpose of the possession requirement is to protect the maker or drawer from multiple liability on the same instrument. *See Liles v. Myers,* 38 N.C. App. 525, 526, 248 S.E.2d 385, 387 (1978); *Investment Serv. Co.,* 255 Or. at 201, 465 P.2d at 872. An exception to the possession requirement exists under HRS § 490:3-804, where lost, destroyed, or stolen instruments are involved.[6] *See Guaranty Bank & Trust Co. v. Dowling,* 4 Conn. App. 376, 494 A.2d 1216 (1985); *Castellano v. Bitkower,* 216 Neb. 806, 346

---

[6] A "transferee," as contrasted to a "holder," may sue on an instrument. *See* 2 F. Hart & W. Willier, Bender's Uniform Commercial Code Service: *Commercial Paper Under the Uniform Commercial Code* § 12.02 (1988). *See also Fore v. Bles,* 149 Ariz. 603, 721 P.2d 151 (Ct. App. 1986) (transfer of an interest in a promissory note by decree of dissolution of marriage); *Pay Center, Inc. v. Milton,* 632 P.2d 642 (Colo. App. 1981) (transfer of a promissory note by assignment). Concerning the right of a pledgor of an instrument to maintain an action for collection, see Annot., 43 A.L.R.3d 824 (1972).

N.W.2d 249 (1984); *Jerstad v. Warren,* 73 Or. App. 387, 698 P.2d 1033 (1985).

In the case at hand, it is undisputed that the Note is a negotiable instrument within the purview of HRS § 490:3-104.[7] It is also undisputed that Plaintiff did not have actual possession of the Note when the original complaint was filed on June 28, 1985. Therefore, Plaintiff was not a holder of the Note on that date. However, in the amended complaint filed on February 11, 1987, Plaintiff alleged that it was a holder of the Note. In an affidavit filed on February 19, 1987, Plaintiff's counsel stated that the original Note was in his possession and "will be produced on request and at trial." Record at 170. A true and correct copy of the Note and the Trustee's indorsement was appended to the affidavit. A reasonable inference is that Plaintiff, through its counsel, had possession of the Note and indorsement on February 11, 1987, when the amended complaint was filed.

Porter contends that (1) under HRCP Rule 15(c),[8] the amended complaint related back to the filing date of the original complaint, June 28, 1985; (2) on that date Plaintiff did not have possession of the Note and was not a holder; and (3) consequently, the action was prematurely commenced and properly dismissed. We disagree.

First, we note that "the rationale of the relation back rule [15(c)] is to ameliorate the effect of the statute of limitations[.]" 6 C. Wright & A. Miller, Federal Practice and Procedure: *Civil* § 1497 at

---

[7] Hawaii Revised Statutes (HRS) § 490:3-104(1) (1985) provides:

    (1) Any writing to be a negotiable instrument within this Article must

    (a) Be signed by the maker or drawer; and

    (b) Contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this Article; and

    (c) Be payable on demand or at a definite time; and

    (d) Be payable to order or to bearer.

[8] HRCP Rule 15(c) provides in pertinent part:

    (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

495 (1971). Here, there is no limitation of action problem.[9] Thus, Rule 15(c) has no applicability.

Second, as a general rule, an action cannot be maintained if it is prematurely commenced before the accrual of the cause of action which is sought to be enforced. However, "[t]he error or defect of premature commencement may be cured by filing an amended or supplemental complaint after the cause of action has accrued, unless the amended complaint states a different cause of action." 1A C.J.S. *Actions* § 238 at 713 (1985). *See also Thompson v. Meyers,* 211 Kan. 26, 33, 505 P.2d 680, 686 (1973). Here, Plaintiff cured the error of premature filing by filing its amended complaint on February 11, 1987, when Plaintiff was in possession of the Note and a holder thereof.

Therefore, the judgment cannot be upheld on the ground that the action was prematurely commenced.

## II.

Porter asserts that the summary judgment dismissing the amended complaint was correct since the circuit court lacked personal jurisdiction over him, a resident of Idaho. We disagree.

HRCP Rule 12(h) (1) (B) provides that a defense of lack of jurisdiction over the person is waived if it is not made by motion or included in a responsive pleading. In both the answer and the motion for summary judgment, Porter alleged and argued that "[v]enue is improper." Record at 20, 76. There being no assertion of lack of personal jurisdiction in the answer and the motion, that defense was waived.

Porter argues, however, that in the memorandum of law attached to his summary judgment motion under the heading "Venue is Improper," which was a misnomer, the lack of personal jurisdiction was discussed. We look askance at a licensed attorney who uses the terms "venue" and "jurisdiction" interchangeably. However, even if we concede that Porter properly interposed a defense of lack of personal jurisdiction below, he waived that de-

---

[9] Porter claimed that the last payment on the promissory note was made in March 1982. Plaintiff alleged that interest on the Note accrues from December 1, 1983. The statute of limitations for an action to recover "any debt founded upon any contract" is six years. HRS § 657-1 (1985).

fense by filing a permissive counterclaim and a third-party complaint in the case.

A provision in HRCP Rule 12(b) states that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." However, "a counterclaim or other claim for relief is not a 'defense' within the purview of [that provision]." 5 C. Wright & A. Miller, Federal Practice and Procedure: *Civil* § 1397 at 876-77 (1969).

The federal courts are divided on the issue of whether a defense of lack of personal jurisdiction is waived by joining it with a counterclaim or other claim for affirmative relief. *See Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1330 n.1 (9th Cir. 1984), *cert. denied,* 471 U.S. 1066, 105 S. Ct. 2143, 85 L. Ed. 2d 500 (1985); *Neifeld v. Steinberg,* 438 F.2d 423, 429 n.13 (3d Cir. 1971); Annot., 17 A.L.R. Fed. 388 (1973). A federal court has stated:

> [A] party, when he counterclaims, cross-claims, or impleads a third party, is seeking affirmative relief and is thereby invoking the jurisdiction of the court. He cannot at the same time deny that jurisdiction.

*Globig v. Greene & Gust Co.,* 193 F. Supp. 544, 549 (E.D. Wis. 1961). However, another federal court has held that "Rule [12(b)] implicitly authorizes a defendant to join these defenses with a counterclaim without waiving these defenses." *Neifeld,* 438 F.2d at 428. *See also Lomanco, Inc. v. Missouri Pacific R.R. Co.,* 566 F. Supp. 846, 849-50 (E.D. Ark. 1983).

The rationale supporting waiver is that "a party who invoked the power of the court for his own purposes should not be allowed the inconsistent objection that the forum was personally inconvenient for him." 5 C. Wright & A. Miller, *supra,* § 1397 at 877. Consequently, the reported cases generally have held that where the counterclaim was permissive, rather than compulsory, or the asserted affirmative claim was voluntary, the defense of lack of personal jurisdiction has been waived. *See North Branch Prod., Inc. v. Fisher,* 284 F.2d 611 (D.C. Cir. 1960), *cert. denied,* 365 U.S. 827, 81 S. Ct. 713, 5 L. Ed. 2d 705 (1961) (counterclaim); *Merz v. Hemmerle,* 90 F.R.D. 566 (E.D. N.Y. 1981) (counterclaim and third-party claim); *Globig v. Greene & Gust Co., supra* (third-party complaints); *Aries v. Palmer Johnson, Inc.,* 153 Ariz. 250, 735 P.2d 1373 (1987)

(counterclaim); *Fagerberg v. Webb*, 678 P.2d 544 (Colo. App. 1983), *aff'd in part and rev'd in part on other grounds, sub nom. Webb v. Dessert Seed Co.*, 718 P.2d 1057 (Colo. 1986) (cross-claims and third-party claims); *Hummel v. Koehler*, 458 A.2d 1187 (D.C. App. 1983) (counterclaim); *Kuhlman Equip. Co. v. Tammermatic, Inc.*, 29 Wash. App. 419, 628 P.2d 851 (1981) (cross-claim). We follow the rationale of these cases and hold that where a defense of lack of personal jurisdiction is joined with a permissive counterclaim or a voluntary affirmative claim, the defense is waived.

In this case, Porter's counterclaim in two counts alleging fraud and unfair and deceptive trade practices was permissive in nature. *See* HRCP Rule 13(b). Under HRCP Rule 14(a), a third-party impleader "is permissive and not compulsory." 3 J. Moore, Moore's Federal Practice ¶ 14.06 at 14-38 (2d ed. 1987). By asserting a permissive counterclaim and a third-party complaint, Porter waived his lack of personal jurisdiction defense.

Accordingly, the judgment is not supportable on the ground of lack of personal jurisdiction.

## III.

Plaintiff claims that since Toshiko had not been served and had not appeared in the action to move for dismissal or to join in Porter's motion, the circuit court improperly dismissed the amended complaint as to Toshiko. Plaintiff has misconstrued the judgment.

A court's order or judgment "must 'be construed reasonably and as a whole so as to give effect to the intention of the court.' " *Wohlschlegel v. Uhlmann-Kihei, Inc.*, 4 Haw. App. 123, 130, 662 P.2d 505, 511 (1983) (quoting *Smith v. Smith*, 56 Haw. 295, 301, 535 P.2d 1109, 1114 (1975) ).

The judgment reads in pertinent part as follows:

> 2. Judgment is hereby entered *in favor of GARY S. PORTER* and against Plaintiff Hanalei, BRC Inc. as follows:
>
> > (a) Plaintiff's complaint, as amended, is hereby dismissed with prejudice[.]

Record at 197 (emphasis added). The judgment expressly states that it is entered in favor of Porter. Toshiko's name is not men-

tioned and the entire judgment refers to "Defendant" in the singular. Based on the record and the judgment in its entirety, the circuit court's intention was to dismiss the complaint as to Porter only.

We therefore hold that the amended complaint was not dismissed with prejudice as to Toshiko.

## CONCLUSION

We vacate the judgment entered on September 22, 1987, and remand the case for further proceedings consistent with this opinion.

*Jerry A. Ruthruff* for plaintiff-appellant.

*Donald H. Wilson (Donald H. Wilson,* Attorney at Law, A Law Corporation, of counsel) for defendant-appellee Gary S. Porter.