**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000354
07-APR-2020
07:50 AM**

NO. CAAP-18-0000354

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR HARBORVIEW
MORTGAGE LOAN TRUST 2005-16, MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2005-16, Plaintiff-Appellee,
v.
DYLAN THEDE, Defendant-Appellant,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
SOLELY AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.,
Defendant-Appellee,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE
GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0125)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

This appeal arises out of a foreclosure decree entered by the Circuit Court of the Fifth Circuit (**Circuit Court**) against Defendant-Appellant Dylan Thede (**Thede**).  On April 3, 2018, the Circuit Court entered its Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**), and the related Judgment (**Foreclosure Judgment**), both in favor of Plaintiff-Appellee U.S. Bank National Association, as Trustee for Harbor View Mortgage Loan Trust 2005-16, Mortgage Loan Pass-Through Certificates, Series 2005-16 (**U.S. Bank**), and against Thede and Defendant-

Appellee Mortgage Electronic Registration Systems, Inc., Solely as Nominee for Countrywide Home Loans, Inc.[1]

Thede appeals from the Foreclosure Decree and the Foreclosure Judgment.[2] He contends that the Circuit Court erred in granting U.S. Bank's motion for summary judgment and interlocutory decree of foreclosure (**MSJ**) by relying on "the hearsay testimony of U.S. Bank's declaring witnesses" to establish U.S. Bank's standing to foreclose on Thede's mortgaged property.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Thede's contention as follows and vacate and remand.

## I.   RELEVANT BACKGROUND

On April 19, 2012, U.S. Bank filed a Complaint for Foreclosure (**Complaint**) in the Circuit Court.[3] U.S. Bank alleged, among other things, that: (1) on August 10, 2005, Thede obtained a $1,500,000 loan (**Loan**) from Countrywide Home Loans, Inc. (**Countrywide**), by executing a promissory note (**Note**), secured by a mortgage (**Mortgage**) recorded with respect to real property located at 3657 Anini Rd., Princeville, Hawaiʻi 96722 (**Property**); (2) the Mortgage was assigned to U.S. Bank by an Assignment of Mortgage recorded on December 8, 2009; (3) Thede defaulted under the payment terms of the Note and Mortgage; (4) following written notice to Thede and his failure to cure the default, U.S. Bank exercised its option to accelerate the loan and to declare the entire principal due under the Note and secured by the Mortgage, plus interest, advances, and other

---

[1]   The Honorable Randal G.B. Valenciano presided.

[2]   Mortgage Electronic Registration Systems, Inc. did not appeal from the Foreclosure Judgment and, as presumably a nominal appellee, did not file an answering brief. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(c).

[3]   U.S. Bank initially referred to itself as U.S. Bank National Association, as Trustee for the Benefit of Harborview 2005-16 Trust Fund, but on December 15, 2016, obtained the Circuit Court's permission to change its name in the caption as currently stated.

charges, immediately due and payable; and (5) U.S. Bank was entitled to foreclose the Mortgage and to sell the Property.

On October 12, 2017, U.S. Bank filed its MSJ, which included an attached "Declaration of Indebtedness and on Prior Business Records." Rebecca C. Wallace (**Wallace**) signed the declaration (**Wallace Declaration**), "as an authorized signer of Nationstar Mortgage LLC ('Nationstar'), which is Plaintiff's servicing agent for the subject loan ('the loan')[.]" Wallace declared, among other things, that "Nationstar's records indicate that Plaintiff, by and through Nationstar had possession of the original Note prior to 04/19/2012, the date of the filing of the complaint in this foreclosure." However, Wallace also stated that "Nationstar became Plaintiff's loan servicer for the Loan being foreclosed in this action on 04/01/2014[,]" i.e., nearly two years after the Complaint was filed, and that "[t]he prior loan servicer for this mortgage loan was Select Portfolio Servicing, Inc., N.A. ('Prior Servicer')."

On November 30, 2017, U.S. Bank filed the "Affidavit of Bank of America, N.A. Re: Possession of Note as Prior Servicer." Nichole Renee Williams (**Williams**) signed the affidavit **(Williams Affidavit)**, which stated, in relevant part:

> 1.  I am authorized to sign this Declaration on behalf of Bank of America, N.A. ("BANA"), which was the prior servicer for the subject loan (the "Loan").
>
> 2.  As prior servicer, BANA maintained records for the Loan. As part of my job responsibilities for BANA, I am familiar with the type of records that were maintained by BANA in connection with the Loan. As such, I am authorized to make this Declaration.
>
> 3.  The information in this Declaration is taken from BANA's business records. I have personal knowledge of BANA's procedures for creating these records. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of BANA's regularly conducted business activities; and (c) created by BANA as a regular practice.
>
> 4.  On 04/19/2012, the Complaint for Foreclosure; Summons ("Complaint") was filed herein identifying the Plaintiff as U.S. Bank National Association, as Trustee, for the Benefit of Harborview 2005-16 Trust Fund. A true and correct copy of the Complaint is attached hereto as Exhibit "A".
>
> 5.  At the time the Complaint was filed, BANA was the servicer for the Loan.

3

> 6.    On 04/09/2012, BANA was in possession of the original Adjustable Rate Note dated 08/10/2005 in the principal amount of $1,500,000.00 executed by DYLAN THEDE in favor of Countrywide Home Loans, Inc., endorsed in blank ("Note").  A true and correct copy of the Note is attached as Exhibit "B".

On December 6, 2017, Thede filed a memorandum in opposition to U.S. Bank's motion for summary judgment.  He argued that U.S. Bank offered no admissible evidence that it possessed the Note when the Complaint was filed, and thus failed to establish its standing to foreclose under Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017).  In particular, Thede argued that the Wallace Declaration: (1) did not establish Wallace's personal knowledge of her assertion that U.S. Bank, through Nationstar, had possession of the Note prior to the filing of the Complaint; and (2) made contradictory statements in asserting that Nationstar had possession of the Note before it became U.S. Bank's servicer.

On February 6, 2018, U.S. Bank filed a supplemental declaration in support of its MSJ.  Christy Vieau (**Vieau**) signed the declaration (**Vieau Declaration**), which  stated, in relevant part:

> 1.    I am authorized to sign this Declaration on behalf of Plaintiff U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2005-16, MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-16 ("Plaintiff") as an authorized signer of Nationstar Mortgage, LLC ("Nationstar"), which is Plaintiff's servicing agent for the subject loan ("the Loan").
>
> 2.    Nationstar maintains records for the loan in its capacity as Plaintiff's servicer. As part of my job responsibilities for Nationstar, I am familiar with the type of records maintained by Nationstar in connection with the Loan. As such, I am authorized to make this Declaration in support of Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure filed on 10/12/2017.
>
> 3.    Nationstar is the Plaintiff and current loan servicer, and acts as the exclusive representative and agent of Plaintiff in the servicing and administering of mortgage loans referred to Nationstar, including the Loan being foreclosed in this action.
>
> 4.    The information in this Declaration is taken from Nationstar's business records, I have personal knowledge of Nationstar's procedures for creating these records. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Nationstar's regularly conducted

4

business activities; and (c) created by Nationstar as regular practice.

5.    On 04/19/2012, the <u>Complaint for Foreclosure</u> ("Complaint") was filed herein identifying the Plaintiffs as U.S. Bank National Association, as Trustee, for the benfit [sic] of Harborview 2005-16 Trust Fund.

6.    At the time the <u>Complaint for Foreclosure</u> was filed, Bank of America, N.A. ("BANA") was the servicer for the Loan.

7.    Based on the affidavit executed by Nichole Renee Williams on 11/09/2017 as an authorized representative of BANA ("Affidavit"), BANA was in possession of the original Adjustable Rate Note dated 08/10/2015 in the principal amount of $1,500,000.00 executed by Defendant DYLAN THEDE in favor of Countrywide Home Loans, Inc., endorsed in blank ("Original Note"), when the Complaint was filed.  Attached hereto as Exhibit "9" is a true and correct filed copy of BANA's Affidvit.

8.    On 12/01/2012, servicing of the Loan was transferred from BANA to Select Portfolio Servicing Inc. ("SPS").  On 04/01/2014, the subject Loan was further transferred to Nationstar.  As a result of the service transfer, Plaintiff was substituted as the real party in interest on 12/15/2016.

Vieau further stated:

12.    In reviewing the records from BANA and SPS which were incorporated into Nationstar's own business records, Nationstar clarifies that Plaintiff at the time of the <u>Complaint for Foreclosure</u> was filed on 04/19/2012 had possession of the Original Note, by and through BANA.

On February 14, 2018, Thede filed a supplemental memorandum opposing U.S. Bank's MSJ and addressing the Williams Affidavit.  Thede argued, among other things, that Williams's testimony:  (1) contradicted the Wallace Declaration, creating a genuine issue of material fact as to who U.S. Bank's servicer was and who was in possession of the Note when the Complaint was filed; and (2) was not based on Williams's personal knowledge that BANA possessed the Note when the Complaint was filed, and constituted inadmissible hearsay.

On February 16, 2018, U.S. Bank filed a reply memorandum in support of its motion for summary judgment.

Following a February 22, 2018 hearing on U.S. Bank's motion for summary judgment, on April 3, 2018, the Circuit Court entered the Foreclosure Decree and the Foreclosure Judgment. Thede filed a timely notice of appeal.

5

## II.  DISCUSSION

In Reyes-Toledo, the Hawaiʻi Supreme Court held that to establish the right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject promissory note, at the time the action was commenced.  139 Hawaiʻi at 367-70, 390 P.3d at 1254-57.  The "foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as '[s]tanding is concerned with whether the parties have the right to bring suit.'"  Id. at 367, 390 P.3d at 1254 (quoting Mottl v. Miyahira, 95 Hawaiʻi 381, 388, 23 P.3d 716, 723 (2001)).  The supreme court further noted that "a foreclosing plaintiff does not have standing to foreclose on mortgaged property unless the plaintiff was entitled to enforce the note that has been defaulted on."  Id. at 368, 390 P.3d at 1255 (citing Hanalei, BRC Inc. v. Porter, 7 Haw. App. 304, 310, 760 P.2d 676, 680 (1988)).

Here, it appears that the Circuit Court granted U.S. Bank's MSJ based in part on the copy of the "Adjustable Rate Note" that was attached to the Williams Affidavit and the Vieau and Wallace Declarations (**Attached Note**).  At the February 22, 2018 hearing, the court stated:

> So in this particular case regarding the Reyes-Toledo issue, the Court believes that given the Court's review of the documents, there's sufficient evidence to show that at the time of the complaint, the parties -- the plaintiffs or the plaintiff's predecessor in interest had possession of the documents, and so that would satisfy Reyes-Toledo.
>
> As far as other qualified witness, the Court believes that the declarants or affiants had sufficient information and were in a sufficient position to make the allegations that they made and I'm not -- I'm not ruling that in making their declarations, that you need to attach -- like, you know, when they say I reviewed the business records, they don't have to attach all of the business records they reviewed.  That would be an onerous obligation, from this Court's perspective.
>
> So what the court will do is the Court will grant the motion for summary judgment.

Thede contends that the Circuit Court erred in granting U.S. Bank's MSJ by relying on "the hearsay testimony of U.S. Bank's declaring witnesses" to establish U.S. Bank's standing to foreclose.  Thede also argues that U.S. Bank offered "no admissible evidence" that it possessed the Note when the

Complaint was filed.

"Under Hawaiʻi Rules of Civil Procedure Rule 56(e) (2000) and Rules of the Circuit Courts of the State of Hawaiʻi Rule 7(g) (1997), 'a declaration [or affidavit] in support of a summary judgment motion must be based on personal knowledge, contain facts that would be admissible in evidence, and show that the declarant [or affiant] is competent to testify as to the matters contained within the declaration.'" Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 44, 414 P.3d 89, 96 (2018) (quoting U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 30, 398 P.3d 615, 619 (2017)). "Inadmissible evidence 'cannot serve as a basis for awarding or denying summary judgment.'" Id. (quoting Haw. Cmty. Fed. Credit Union v. Keka, 94 Hawaiʻi 213, 221, 11 P.3d 1, 9 (2000)).

U.S. Bank contends that the Attached Note was admissible under the hearsay exception for records of regularly conducted activity pursuant to Hawaiʻi Rules of Evidence (**HRE**) Rule 803(b)(6).[4] U.S. Bank further argues that Williams, Vieau, and Wallace were each a "qualified witness" with respect to the Attached Note, and each satisfied the standards set out in Mattos for admitting that document into evidence and establishing U.S. Bank's standing to foreclose.

In Mattos and Behrendt, the supreme court reviewed the sufficiency of declarations similar in certain key respects to those at issue here, each of which attested to a promissory note and other documents relating to a foreclosure under the HRE Rule 803(b)(6) business records exception. See Mattos, 140 Hawaiʻi at 31, 398 P.3d at 620; Behrendt, 142 Hawaiʻi at 44-45, 414 P.3d at

---

[4] HRE Rule 803(b)(6) (Supp. 2011) provides that the following are not excluded by the rule against hearsay:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.

(Emphasis added.)

96-97.  The court's decisions in Mattos and Behrendt are therefore dispositive as to whether HRE Rule 803(b)(6) may serve as a basis to admit the Attached Note into evidence.

With respect to the Williams Affidavit, Williams did not aver that she was the custodian of records for BANA, Countrywide,[5] or any other holder of the Note (e.g., U.S. Bank[6]).  Thus, the Attached Note is admissible under HRE Rule 803(b)(6) only if the Williams Affidavit demonstrates that Williams is a "qualified witness" with respect to that document. See Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621; Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97.

The supreme court has held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created.  See Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621; Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97.  While there is "no requirement that the records have been prepared by the entity that has custody of them," the testifying witness "must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business."  Behrendt, 142 Hawaiʻi at 45, 414 P.3d at 97 (quoting and citing Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621).

The court in Behrendt further explained:

> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as 'created' by the receiving business.
> Incorporated records are admissible under HRE Rule 803(b)(6)

---

[5]  In its Complaint, U.S. Bank alleged that "[o]n or about August 10, 2005, [Thede], for value received, duly made, executed and delivered to Countrywide" the Note.  (Emphasis added.)  In addition, the Note identifies Countrywide as the "Lender" and, in turn, defines the "Note Holder" as the "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note." It therefore appears that Countrywide was the original holder of the Note.

[6]  The Complaint states: "By Assignment of Mortgage recorded December 8, 2009 . . . the mortgagee's interest in the Mortgage was assigned to [U.S. Bank]."  Because the debt does not automatically follow the security (Reyes-Toledo, 139 Hawaiʻi at 371 n.17, 390 P.3d at 1258 n.17), it is not clear when U.S. Bank became the holder of the Note.  The Williams Affidavit states that BANA was in possession of the Note on April 9, 2012, but does not indicate when BANA's possession commenced.

> when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document.

Id. at 45, 414 P.3d at 97 (citation omitted) (citing Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621).

Here, as in Mattos and Behrendt, the Williams Affidavit does not establish that the Attached Note was received by BANA and then incorporated into BANA's records. In addition, like the declaration in Behrendt, the Williams Affidavit does not establish that Williams was familiar with the record-keeping system of Countrywide or any other prior holder of the Note. See 142 Hawaiʻi at 46, 414 P.3d at 98 (declaration of loan servicer employee "ma[de] no assertions as to [the declarant's] familiarity with the record-keeping systems of Funding Group or Option One, which first created the Note and allonges"). Thus, the Williams Declaration does not satisfy the foundational requirements to make Williams a qualified witness with respect to the Attached Note, and she could not authenticate it as a record of a regularly conducted activity under HRE Rule 803(b)(6).

The Vieau and Wallace Declarations were similarly deficient in providing the foundation necessary to admit the Attached Note under HRE Rule 803(b)(6). Neither declarant stated that she was the custodian of records for Nationstar or any prior holder of the Note, so each had to demonstrate that she was a "qualified witness" with respect to the Attached Note. Yet neither declarant claimed to be familiar with the record-keeping system of Countrywide or any other holder of the Note before BANA. Indeed, the Wallace Declaration asserts, apparently erroneously, that Nationstar possessed the Attached Note prior to April 19, 2012, and does not assert that Wallace was even familiar with BANA's record-keeping system. The Vieau Declaration relies on the Williams Affidavit, which, for the reasons previously stated, is insufficient to admit the Attached Note under the business records exception.

Absent the declaration of a "qualified witness" with respect to the Attached Note, U.S. Bank failed to establish its

standing to foreclose.  Because the Attached Note was not admissible as asserted, U.S. Bank did not meet its burden of establishing facts necessary for a grant of summary judgment.  See Behrendt, 142 Hawaiʻi at 46, 414 P.3d at 98.  Absent admission of the Note into evidence, U.S. Bank did not meet its burden on summary judgment.

We therefore vacate the (1) Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure, and (2) Judgment, both entered on April 3, 2018, by the Circuit Court of the Fifth Circuit.  The case is remanded to the circuit court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, April 7, 2020.


On the briefs:


Gary Victor Dubin and
Frederick J. Arensmeyer
for Defendant-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

Andrew J. Lautenbach and
Sianha M. Gualano
(Starn O'Toole Marcus &
Fisher)
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge